IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:18-cv-197-BO

| | | |
|---|---|---|
| EPIC GAMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| THOMAS HANNAH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes Defendant Thomas Hannah (hereinafter "HANNAH" or "Defendant"), through undersigned counsel, and answers the Complaint of Plaintiff as follows:

## NATURE OF ACTION

1. The averments contained in Paragraph 1 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

2. The averments contained in Paragraph 2 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

3. The averments contained in Paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed required,

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

4. Admitted in part. It is admitted that this action (or claims alleged in the complaint) purport to be for breach of contract and misappropriation of trade secrets. The remaining averments in Paragraph 4 are denied.

5. The averments in Paragraph 5 are denied.

6. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 and therefore denies same.

7. The averments contained in Paragraph 7 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

8. The averments contained in Paragraph 8 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

9. The averments contained in Paragraph 9 are conclusions of law and/or allegations of speculation to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

10. The averments contained in Paragraph 10 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

## THE PARTIES

11. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11, is not required to research the same, and therefore denies same.

12. Admitted.

## JURISDICTION AND VENUE

13. Admitted.

14. Admitted in part. It is admitted that this Court has personal jurisdiction over Defendant by his consent to jurisdiction in this District, and also because Defendant resides in this District. The remaining averments in Paragraph 14 are denied.

15. Admitted in part. It is admitted that venue is proper in this District pursuant to the stated statute because this is a District in which Plaintiff claims a substantial part of the events giving rights to its claims occurred. The remaining averments in Paragraph 15 are denied.

## FACTS APPLICABLE TO ALL CLAIMS

### *Epic and Fortnite*

16. Admitted in part. It is admitted that Epic is located in Cary, North Carolina and develops and/or publishes computer games and software. It is

further admitted that Defendant knew Epic made Gears of War and Unreal Engine and it is Defendant's opinion that they are best known for these two games. Defendant is also well aware that Epic is the creator, developer, and publisher of Fortnite. For the remaining averments in Paragraph 16, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

17. Admitted.

18. Upon information and belief, admitted. By way of further response, Defendant avers that he worked on "Fortnite", *not "Fortnight Battle Royale"* which is different.

19. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 and therefore denies same. By way of further response, Defendant avers that the referenced screen print <u>Figure 1</u> speaks for itself, if it is in fact a true and correct copy from Epic's website.

20. Admitted. By way of further response, Defendant avers that he worked on "Fortnite", *not "Fortnight Battle Royale"* which is different.

21. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21 and therefore denies same.

22. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 22 and therefore denies same.

### *Epic's Trade Secrets in Fortnite*

23. Admitted in part. It is admitted that Epic is the owner of Fortnite-related work product, games, software, and the like. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 23 and therefore denies same.

24. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 and therefore denies same.

25. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 and therefore denies same.

26. Admitted in part. It is admitted that Epic required a fully executed NDA of Defendant, and presumably from other similarly-situated contractors or employees. It is further admitted that at the time Defendant was employed by Epic and/or contracted through Volt and working at Epic, that Epic required assigned Epic user names, passwords, and additional heightened authentications of access to the computer system. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 26 and therefore denies same.

### *Defendant's NDA*

27. Admitted.

28. Admitted. By way of further response, Defendant avers that it was not very often that Defendant had knowledge of and/or worked on games that

were not yet released or already known to the public. And that even when this occurred, it was not for that long of a period. Further, Defendant was never granted access to knowledge or information that was months or even several weeks ahead of a scheduled release.

29. Admitted in part. It is admitted that Defendant was required to sign, and did sign, an NDA contemporaneously with the commencement of his engagement with Volt. Defendant denies the remaining allegations contained in Paragraph 29.

30. Admitted. By way of further response, Defendant avers that the referenced NDA attached to the Complaint as Exhibit A speaks for itself,

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 37 and therefore denies same.

38. The averments contained in Paragraph 38 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

39. The averment in Paragraph 39 is denied.

## *The Defendant and His Unlawful Acts*

40. Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 40 and therefore denies same.

41. Admitted in part. It is admitted that a third party (referred to herein as well as the Complaint as Adam DiMarco or DiMarco), while speaking with Defendant, pumped Defendant with a series of questions and guesses regarding where the meteor would hit. Based on Defendant's initial response that it wouldn't be hitting a place one would expect and, after further questions from DiMarco, that it wouldn't be Titled Towers, DiMarco then gathered on his own and guessed if it would be Dusty Depot, to which Defendant confirmed yes. It is further admitted that DiMarco then unilaterally published the information he had deduced on his own from Defendant's initial comments. It is further admitted that this publication/posting was made by DiMarco without any agreement or instruction from the Defendant whatsoever. The remaining averments contained in Paragraph 41 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 41 and therefore denies same.

42. Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 42 and therefore denies same.

43. Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 43 and therefore denies same.

44.     Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 44 and therefore denies same.

45.     Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 45 and therefore denies same.

46.     Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 46 and therefore denies same.

47.     Defendant is without sufficient knowledge or information to either admit or deny the allegations of Paragraph 47 and therefore denies same.

48.     Admitted in part. It is admitted that no one outside of Epic knew when or if something would strike any certain place. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 48 and therefore denies same. By way of further response, Defendant avers that the referenced screen print <u>Figure 2</u> speaks for itself, if it is in fact a true and correct copy from the referenced website.

49.     Admitted in part. It is admitted that Defendant learned answers to the questions of whether a meteor was going to hit and where it was going to hit. It is further admitted that by the time the post was released, it had already been made public (e.g. to players and fans) that the object in the sky was in fact a meteor and further that it would hit some part of the map. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 49 and therefore denies same.

50.     Admitted.

51. Admitted in part. It is admitted that he attended the meeting, which was broadcast on a large projector. It is further admitted that the access was provided to and for him by the moderator of the meeting, but that Defendant did not sign in to any access point or computer and was not given any option to. It is further admitted that Defendant received an invitation to the meeting but there was no password or login information provided therein. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 51 and therefore denies same.

52. Admitted in part. It is admitted that during the March 16, 2018 meeting, Defendant learned certain pieces of information about the game. Defendant denies the remaining allegations contained in Paragraph 52.

53. Admitted.

54. Admitted.

55. Admitted.

56. The averments in Paragraph 56 are denied.

57. Admitted in part. It is admitted that with respect to the referenced post, DiMarco told Defendant he was going to publish the post and Defendant specifically told him not to and to otherwise not mention Defendant's name since Defendant. Defendant denies the remaining allegations contained in Paragraph 57.

58. Admitted in part. It is admitted that while speaking with Defendant before the referenced post, DiMarco pumped Defendant with a series of questions and that based on Defendant's initial response, DiMarco then

gathered on his own and guessed the correct answer, to which Defendant confirmed. Defendant denies the remaining allegations contained in Paragraph 58.

59. Admitted. By way of further response, Defendant avers that while DiMarco may have stated in his post that he would post more spoilers and predictions, that other than as already admitted in previous responses hereinabove of what Defendant actually did discuss with DiMarco, there was no new information (certainly no spoilers or predictions) from Defendant for DiMarco to post. If DiMarco had other sources or did other research on his own, legally or illegally, that may have caused him to believe or otherwise announce that he had more/new information, that is unknown to Defendant and accordingly not related to the Defendant at all.

60. Admitted in part. It is admitted that on or about April 27, 2018 DiMarco unilaterally (and without any agreement or instruction from the Defendant whatsoever) posted an updated version of the original post. It is further admitted that in this second/revised post, DiMarco *stated* that he really wanted his spoiler about Season 5 to happen. However, Defendant categorically denies that DiMarco ever obtained from Defendant any additional information other than as already admitted in previous responses hereinabove of what Defendant actually did discuss with DiMarco because Defendant had no further such information. Specifically Defendant never worked on, had access to, or ever had any knowledge or information regarding Season 5. If DiMarco had other sources or did other research on his own, legally or illegally, that may have

caused him to believe or otherwise announce that he had more/new information to disclose, that is unknown to Defendant and accordingly not related to the Defendant at all. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 60 and therefore denies same.

61. The averments in Paragraph 61 are denied.

62. The averments contained in Paragraph 62 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

63. Admitted. By way of further response, Defendant avers that the referenced screen print <u>Figure 3</u> speaks for itself.

64. Admitted in part. Admitted that the meteor hit Dusty Depot (not Dusty Divot) rather than Tilted Towers. Defendant denies the remaining allegations contained in Paragraph 64.

65. Admitted in part. It is admitted that when DiMarco asked Defendant if the meteor was going to hit Dusty Depot, Defendant confirmed yes. However, Defendant did not provide any further or additional other information to DiMarco. It is further admitted that DiMarco, acting on his own (including the wording of his own posts) *stated* that he would disclose more information, which Defendant has no control or responsibility over things DiMarco may say or threaten to do in the future. If DiMarco had other sources or did other research on his own, legally or illegally, that may have caused him to believe or otherwise announce that he had more/new information to disclose, that is unknown to

Defendant and accordingly not related to the Defendant at all. Defendant denies the remaining allegations contained in Paragraph 65.

66. The averments contained in Paragraph 66 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

67. The averments contained in Paragraph 67 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

68. The responsive and affirmative allegations of Paragraphs 1-67 above are hereby re-alleged, adopted, and incorporated herein by reference as if set forth in full.

69. Admitted that Plaintiff has raised a claim for breach of contract in this action.

70. Admitted in part. It is admitted that Defendant entered into a binding, valid NDA with Epic in which he agreed not to disclose Epic's Confidential Information. Defendant denies the remaining allegations contained in Paragraph 70.

71. The averments contained in Paragraph 71 are conclusions of law to which no response is required. To the extent a response is deemed required,

Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

72. The averments contained in Paragraph 72 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

73. The averments contained in Paragraph 73 are conclusions of law to which no response is required. Defendant is also without sufficient knowledge or information to either admit or deny the allegations of Paragraph 73 and therefore denies same.

## SECOND CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets under N.C. Gen. Stat. § 66-152, *et seq.*)**

74. The responsive and affirmative allegations of Paragraphs 1-73 above are hereby re-alleged, adopted, and incorporated herein by reference as if set forth in full.

75. Admitted that Plaintiff has raised a claim for misappropriation of trade secrets and has quoted the North Carolina Trade Secrets Protection Act.

76. The averments contained in Paragraph 76 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

77. Admitted in part. It is admitted that Defendant was given access to certain items of confidential information as part of his job responsibilities. Defendant denies the remaining allegations contained in Paragraph 77.

78. Admitted in part. It is admitted that the quoted paragraph from the NDA is accurate. Defendant denies the remaining averments in Paragraph 78.

79. Admitted in part. It is admitted that Defendant signed the aforementioned NDA and that the language therein speaks for itself. Defendant denies the remaining averments in Paragraph 79.

80. Admitted in part. It is admitted that Defendant made certain statements to DiMarco without Epic's authorization or consent. Defendant denies the remaining allegations contained in Paragraph 80.

81. The averments contained in Paragraph 81 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

82. The averments contained in Paragraph 82 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

83. The averments contained in Paragraph 83 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

84. The averments contained in Paragraph 84 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

85. The averments contained in Paragraph 85 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

.

### THIRD CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets under 18 U.S.C. § 1836, *et seq.*)**

86. The responsive and affirmative allegations of Paragraphs 1-85 above are hereby re-alleged, adopted, and incorporated herein by reference as if set forth in full.

87. Admitted that Plaintiff has raised a claim for misappropriation of trade secrets and has quoted the Defend Trade Secrets Act.

88. The averments contained in Paragraph 88 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

89. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 89 and therefore denies same.

90. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 90 and therefore denies same.

91. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 91 and therefore denies same.

92. Admitted in part. It is admitted that Defendant had access to certain items of confidential information during his time employed by Volt and otherwise working at Epic. And it is further admitted that he signed the aforementioned NDA. Defendant denies the remaining allegations contained in Paragraph 92.

93. The averments contained in Paragraph 93 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

94. The averments contained in Paragraph 94 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

95. The averments contained in Paragraph 95 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

96. The averments contained in Paragraph 96 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

97. The averments contained in Paragraph 97 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

98. The averments contained in Paragraph 98 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

99. The averments contained in Paragraph 99 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

### FOURTH CLAIM FOR RELIEF
**(Civil Conspiracy)**

100. The responsive and affirmative allegations of Paragraphs 1-99 above are hereby re-alleged, adopted, and incorporated herein by reference as if set forth in full.

101. The averments in Paragraph 101 are denied.

102. The averments in Paragraph 102 are denied.

103. The averments contained in Paragraph 103 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the same.

104. The averments contained in Paragraph 104 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same.

WHEREFORE, Defendant prays the court for the following relief:

1. That this Court deny all of Plaintiff's claims for relief, both under Federal law and North Carolina law;

2. That this Court not grant Plaintiff any award of attorney's fees in this matter;

3. That the court order Plaintiff to pay the costs in this matter; and

4. That the court grant unto Defendant such other and further relief as the Court deems just and proper.

This 21st day of June, 2018.

GUIRGUIS LAW, PA

/s/ Andrea Winters Morelos
Andrea Winters Morelos
434 Fayetteville St., Suite 2140
Raleigh, North Carolina 27601
Telephone: (919) 832-0500
Facsimile: (919) 246-9500
a.morelos@guirguislaw.com
N.C. Bar No. 30696
*Attorney for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 21, 2018, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will send notification of such filing to Plaintiff's counsel of record listed below:

>Christopher M. Thomas
>christhomas@parkerpoe.com
>Catherine R. L. Lawson
>catherinelawson@parkerpoe.com
>Parker Poe Adams & Bernstein, LLP
>301 Fayetteville Street, Suite 1400 (27601)
>P.O. Box 389
>Raleigh, North Carolina 27602-0389

This 21st day of June, 2018.

>GUIRGUIS LAW, PA
>
><u>/s/ Andrea Winters Morelos</u>
>Andrea Winters Morelos
>434 Fayetteville St., Suite 2140
>Raleigh, North Carolina 27601
>Telephone: (919) 832-0500
>Facsimile: (919) 246-9500
>a.morelos@guirguislaw.com
>N.C. Bar No. 30696
>*Attorney for Defendant*